March 27, 2020

The Honorable Vince Chhabria
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

RE: *United States. v. Gerard Jones*, Case No. CR-17-00070-001 VC; Request for Recommendation for Compassionate Release/Reduction in Sentence pursuant to18 U.S.C. §§ 3582.

Dear Judge Chhabria:

I am writing on behalf of the above-referenced client, Gerard Jones, who is currently incarcerated at FCI Lompoc, to request that the court issue an order recommending that the warden at FCI Lompoc and the Director of the Bureau of Prisons file a motion requesting an immediate "compassionate release" of Mr. Jones pursuant to 18 U.S.C. §§ 3582 (c)(1)(A), U.S.S.G. § 1B1.13 and Program Statement 5050.50, "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582.

At the outset, I am informed that Mr. Jones is subject to a lockdown at FCI Lompoc as a result of the COVID-19 pandemic and its spread in the Bureau of Prisons system.  Thus, pursuant to 18 U.S.C. §§ 3582 (d)(2)(B) (ii) and (iii), where Mr. Jones is currently physically unable to submit a request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), I am asking that the BOP accept and process a request for reduction of sentence that I have prepared and submitted on Mr. Jones's behalf.

With regard to the justification for this request for release and reduction of sentence, 18 U.S.C. § 3582(c)(1), states:
The court may not modify a term of imprisonment once it has been imposed except that—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with

or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction…
*18 U.S.C. § 3582(c)(1).*

In the instant case, we are presented with extraordinary and compelling circumstances that not only justify, but we submit require, release of Mr. Jones and modification of his sentence.  We are suggesting a modification to a term of home confinement equal to that amount of time remaining to be served. Mr. Jones was sentenced on August 24, 2018, to a term of 72 months. As is reflected in the probation officer's Presentence Investigation Report, Mr. Jones was born on July10, 1957, and is currently 62 years old.  *PSR, p. 3.* Also as reflected in the Presentence Report, Mr. Jones suffers from a long-term respiratory condition (asthma) and uses two inhalers (Proventil HFA and Advair Diskus), and Sumatiptan, to control these medical conditions. Furthermore, Mr. Jones has previously suffered a stroke in 1998.  *Id at p. 20.* All of these conditions as well as his age elevate Mr. Jones's risk to contract and potentially die if contracting COVID-19. *See Infra.*

United States Attorney General William Barr has explicitly directed the BOP to prioritize the release of inmates on home confinement wherever possible in light of the ongoing COVID-19 pandemic. (See attached Memorandum by United States Attorney General William Barr, dated March26, 2020.) AG Barr specifically directs that the BOP consider: the age and vulnerability of the inmate to COVID-19 in accordance with CDC Guidelines, the security level of the inmate (with priority given inmates in lower security facilities), the inmate's conduct in prison with priority given to those with lacking violations within the previous year, the inmates PATTERN score, any demonstrated and verifiable reentry plan which reduces the risk of contracting COVID-19 as compared to remaining in prison and the inmate's crime of conviction and any danger posed by the inmate's release into the community. (Id.)

In the instant matter, as indicated above, Mr. Jones is 62 years-old, has a long history of respiratory illness as well as a history of stroke. These factors put him in an extremely high-risk category if contracting COVID-19.  As of March 27, 2020, the new strain of coronavirus which causes COVID-19, has infected more than 583,000 people, leading to more than 27,000 deaths worldwide. *https://www.nytimes.com/interactive/2020/world/coronavirus-maps.html* . The World Health Organization has officially classified it as a pandemic on March 11, 2020.  *https://bit.ly/2W8dwpS.* The CDC has issued guidelines that individuals at higher risk of contracting COVID-19 (and suffering severe illness)—adults over 60 years old and people with chronic medical conditions such as Asthma—take immediate preventative actions, including avoiding crowded areas and staying home as much as possible.  *People at Risk for Serious Illness from COVID-19*, CDC (March 12, 2020) *at  https://bit.ly/2vgUt1P.*  Furthermore, according to public health experts, detained individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings."  Achieving A Fair And Effective COVID-19 Response: An Open Letter to Vice-President Mike Pence, and Other Federal, State, and Local Leaders from Public Health and Legal Experts in the United States," (March 2, 2020), *at* https://bit.ly/2W9V6oS.

Mr. Jones also meets the other criteria set forth in the Barr Memorandum: he has been designated to a low security facility, FCI Lompoc; he has exhibited exemplary conduct in prison with no violations noted; he has a verifiable and demonstrable re-entry plan – which includes home confinement at his home in San Francisco where his wife resides and can act as an added surety for Mr. Jones's compliance for the court, continuing therapy and mental health treatment and participation in 12-Step programming (all of which can be done on-line and thus maintaining social distancing), working from home, regular reporting to the United States Probation Office or other agency and compliance with any other restrictions which may be deemed appropriate – all of which will reduce Mr. Jones's potential exposure to COVID-19 by having contact with only his wife rather than having contact with or contamination from numerous prisoners or staff members at the prison; and, Mr. Jones presents little danger to the community as exhibited by a lack of any history of violence or other criminal history as well as his flawless compliance with United States Pretrial Services while on pretrial supervision  under similar conditions.

The Senate Judiciary Committee's Report on the law which created the compassionate release authority explained the need for this provision of law, indicating that:
The first "safety valve" applies, regardless of the length of the sentence, to the unusual case in which the defendant's circumstances are so changed that it would be inequitable to continue the confinement of the prisoner. In such a case, under subsection (c)(1)(A), the director of the Bureau of Prisons could petition the court for a reduction in the sentence, and the court could grant a reduction if it found that the reduction was justified by "extraordinary and compelling reasons" and was consistent with applicable policy statements issued by the Sentencing Commission. *U.S. Senate Committee on the Judiciary, Report on the Comprehensive Crime Control Act of 1983, 98th Cong., 1st Sess., 1984, S. Rep. No. 225, p. 121. (emphasis added).* The Senate Report also noted, "[T]he Committee believes that there may be unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by the changed circumstances. These would include cases of severe illness, [or] cases in which other extraordinary and compelling circumstances justify a reduction ...." *Id. at p. 55.*

Policy statements issued by the U.S. Sentencing Commission provide separate additional implementing authority for compassionate release. The U.S. Sentencing Commission Guidelines § 1B1.13 and Commentary also provide that upon motion by the BOP under 18 U.S.C. §3582(c), a district court may reduce an inmate's term of imprisonment after considering factors under § 3553(a) and concluding:
(1)(A) extraordinary and compelling reasons warrant the reduction; or. . .
(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
(3) the reduction is consistent with this policy statement.

More specifically, the Commentary to U.S.S.C. § 1B1.13 provides:
1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
    (A) Medical Condition of the Defendant.—
(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).. . .

4. Motion by the Director of the Bureau of Prisons.—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13 and Commentary (emphasis added).

Accordingly, on behalf of Mr. Jones, and in light of the above factors and in particular the emergent and catastrophic COVID-19 Pandemic and the dangers presented for Mr. Jones at FCI Lompoc, we respectfully request that the court issue an order recommending that the Warden at FCI Lompoc and the Director of the Bureau of Prisons file a motion to modify or reduce Mr. Jones's sentence and immediately release Mr. Jones according to the suggested terms and conditions referenced above.

Respectfully submitted,


_____/s/_____

SETH P. CHAZIN
Attorney for Defendant,
GERARD JONES


cc: AUSA Meredith Osborn