UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JONES,<br>Defendant. | Case No. 17-cr-00070-VC-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 88 |

In 2018, this Court sentenced Gerard Jones to 72 months of imprisonment for possession and distribution of child pornography. Dkt. No. 74; *see also* 18 U.S.C. § 2252. Jones began serving his sentence in November 2018. On April 4, 2020, he filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 88. The motion is denied.

Putting aside the issue of exhaustion, compassionate release is not appropriate on these facts. When determining whether "extraordinary and compelling reasons warrant such a reduction" in a defendant's sentence, the Court must consider the sentencing factors listed in 18 U.S.C. § 3553(a). *See* § 3582(c)(1)(A). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed-
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and]
>   (B) to afford adequate deterrence to criminal conduct

18 U.S.C. § 3553(a). In this case, the Court sentenced Jones to 72 months in prison—beyond the mandatory minimum of 60 months—because the Court believed him to be "a more serious child

pornography offender" than is typical. *See* Transcript of Sentencing Hearing, Dkt. No. 81, at 11. Indeed, Jones had not only viewed and shared child pornography—he had previously solicited a minor girl, begun a sexual relationship with a her, and posted photos of her on a child pornography website. *See id.*; Dkt. No. 54. If the Court were to grant Jones's motion, he would serve an effective sentence of no more than 17 months in prison. That sentence would fail to reflect the seriousness of the offense and to provide just punishment for Jones's crimes. However, the Court recognizes that the risks of infection across prison populations are intolerably high, and even more so for older inmates with a history of asthma, like Jones. It seems clear that this type of inmate—one who does not qualify for compassionate release but who is not likely to present a danger to the community during the crisis period—should be transferred to home confinement for the duration of the pandemic, to be returned to prison once the crisis has abated. *See* Order Granting Motion for Temporary Release, *United States v. Daniels*, No. 19-cr-00709 (N.D. Cal. Apr. 9, 2020), Dkt. No. 24, at 8 (explaining why an offender who might have been considered dangerous under normal circumstances can be temporarily released during the pandemic). And after all, Jones was out on pretrial release for many months without incident, and he has apparently avoided any behavior incidents while in prison.

The Court is without power to order a transfer; that discretion is committed to the Bureau of Prisons. *See* 18 U.S.C. § 3621(b). Nonetheless, the BOP is to consider "any statement by the court that imposed the sentence" when making a determination about a prisoner's place of imprisonment. *Id.* Accordingly, the Court recommends that Jones be transferred to home confinement until the public health crisis has abated.

**IT IS SO ORDERED.**

Dated: April 10, 2020

VINCE CHHABRIA
United States District Judge